UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON
CRIMINAL ACTION NO. 06-97-DCR
CIVIL ACTION NO. 09-7102-DCR

UNITED STATES OF AMERICA                                    PLAINTIFF

V.

DAVID GRUBBS
a/k/a Robert L. Barr                                        DEFENDANT

**REPORT & RECOMMENDATION**

Defendant David Grubbs, proceeding *pro se*, filed a motion seeking to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255, *see* Doc. 70. The United States has filed a response, Doc. 85, to which Defendant Grubbs has filed a reply and supplemental correspondence/reply. Docs. 87, 88. The motion to vacate has been referred to the undersigned magistrate judge for initial consideration and a report and recommendation. 28 U.S.C. § 636(b).

**I. Background**

Grubbs was indicted on two counts of using the identification of another person to steal mail matter, in violation of 18 U.S.C. §§ 1028(a)(7) and 1708. *See* Doc. 7. On October 30, 2006, Grubbs entered into a written agreement to plead guilty to both counts. *See* Doc. 19.

On February 21, 2007, the district court notified the parties that, at the time of sentencing, the court will consider a possible departure and variance above the defendant's guideline range. *See* Doc. 17. Grubbs appeared before the court for sentencing on February 26, 2007, and the court accepted the written plea agreement at that time. *See* Doc. 19. As suggested by its prior notice to the parties, the court imposed an upward departure from the

1

sentencing guidelines range. *See* Doc. 32. Based on the offense level and Grubbs' criminal history, the sentencing guidelines range was 27 to 33 months, but the court upwardly departed 3 levels to a range of 37 to 46 months. *See id.* The court sentenced the defendant to a term of imprisonment of 46 months, to be followed by a three-year term of supervised release, and ordered him to pay a $200 special assessment. Doc. 21. In addition, the court imposed special conditions as part of the supervised release, including participation in sex abuse treatment program and sex offender conditions. *Id.*

Subsequently, Grubbs filed a letter with the district court that was construed as a motion to alter or amend the judgment; the construed motion was denied on August 20, 2007. Doc. 35. Grubbs timely appealed the denial to the Sixth Circuit, claiming that the district court had no reasonable basis to recommend or impose the special supervised release conditions for sex offender treatment and sex offender specifications.[1] *See* Doc. 40. Finding that the special conditions of supervised release were not reasonably related to Grubb's convictions, the Sixth Circuit vacated the district court's judgment and remanded for resentencing. *Id.*

On remand, on August 4, 2008, the district court removed the special supervised release conditions, but otherwise imposed the same sentence previously imposed: 46 months of imprisonment, to be followed by a three-year term of supervised release, with an order to pay a special assessment in the amount of $200. Doc. 48. On August 7, 2008, Grubbs appealed the re-

---

[1] Defendant alleges in his §2255 motion that the Sixth Circuit remanded for resentencing because the sentencing judge erred by considering "prior felonys [sic] that dated back to 22 years," but the record - including the Sixth Circuit's opinion - does not support that hypothesis.

sentencing to the Sixth Circuit. Doc. 49. However, Grubbs voluntarily dismissed that appeal on March 27, 2009. *See* Doc. 59.

On November 4, 2009, Grubbs filed a motion to vacate sentence with this court. *See* Doc. 70. In his present motion, Grubbs challenges the sentencing court's upward departure from his the sentencing guidelines. *See id.* He argues that the court violated his plea agreement for a sentence of 27-33 months, that the court erred by departing upward from the guideline range and considering prior felony convictions that were more than 20 years old, and that the court disregarded the Sixth Circuit's instructions on remand.

**II. Analysis**

**A. Defendant's Waiver**

As a preliminary matter, the court notes that defendant's plea agreement contained a written waiver of his right to appeal or to collaterally attack his conviction. The waiver, which has been raised by the United States in this proceeding, see Doc. 85, does not contain any clearly articulated exceptions: "The Defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction, including any order of restitution."
Doc. 19, para. 6.

Restitution ordinarily is included as part of a sentence; therefore, the waiver at least implicitly waives any challenge to the conviction including sentence. Nevertheless, the waiver does not *expressly* state that the defendant waives challenge to his sentence. Moreover, at sentencing the trial court expressly alluded to the fact that the court believed "that the defendant reserved his right to appeal his sentence as reflected in paragraph six." Doc. 32 at 26.

A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence. The Sixth Circuit has held that a defendant can waive his right to collaterally attack

3

his conviction or sentence in a plea agreement, as long as the waiver is knowing, intelligent, and voluntary. *See Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999).

In this case, the record is ambiguous as to whether the defendant clearly waived his right to challenge his sentence. There is some evidence - including the comments of the court at sentencing and the fact of his prior successful appeal - that suggests that his waiver of collateral attack did *not* encompass his right to challenge his sentence. Therefore, the court does not recommend enforcing the waiver in defendant's plea agreement at this time.

### B. Defendant's Claims Are Procedurally Barred.

Despite the lack of a clear and enforceable waiver, the defendant's current claims are barred from review on their merits by this court for other procedural reasons. "[A] collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). When a defendant procedurally defaults a claim by failing to present it on direct appeal, he can present the claim in post-conviction proceedings only if he demonstrates: (a) cause for the failure to present and prejudice resulting therefrom, *id.* at 167-68; or (b) actual innocence. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Here, Grubbs procedurally defaulted his current claims in two respects. First, Grubbs failed to present the instant claims on direct appeal after his original sentencing. Grubbs filed a second appeal after resentencing, but voluntarily dismissed that appeal. He has failed to demonstrate cause or prejudice from his failure to earlier present the current claims in either of his two direct appeals of his sentence.

4

**Defendant's First Appeal**

Following his original sentence, Grubbs appealed to the Sixth Circuit, challenging the special supervised released conditions. *See* Doc. 40. Specifically, Grubbs raised the following claims:

> 1) the district court 'had no reasonable basis to recommend that [he] participate in sex offender treatment while in custody'; 2) the district court 'had no reasonable basis to make as a specific condition of supervised release that [he] participate in a program for treatment of mental health/sexual disorders, and require him to undergo a sex offender risk assessment, psychological evaluation andor other evaluations as needed'; 3) the district court 'had no basis to restrict [his] Contact with Minors'; 4) the district court 'had no basis to restrict [his] possession or viewing of pornography or sexually oriented materials, items or services or his possession or use of a device capable of creating pictures or videos'; 5) since the instant offense of conviction is not a sex offense, the district court had no authority to impose a condition of supervised release that requires him "to register as a sex offender'; and 6) since the instant offense of conviction is not a sex offense, the district court had no authority to impose a condition of supervised release that prohibits him from using or possessing 'any device with access to any on-line computer service.'

*Id.* at 1-2. Clearly, Grubbs did not present any claim regarding the district court's upward departure or the length of his sentence. By failing to bring his current claims in the direct appeal of his original sentence, Grubbs' motion to vacate is procedurally barred.

**Defendant's Second Appeal**

Because the record is silent as to the basis for defendant's second (now dismissed) appeal, it is theoretically possible that he included the instant claims in that appeal. Even if the claims were included, however, the defendant would be barred from presenting them in this collateral proceeding. His voluntary dismissal of that second appeal procedurally bars him from presenting the claims anew here.

In short, the defendant cannot employ §2255 to bring claims that should have been presented on direct appeal. To the extent that the claims were included in the second appeal that

5

he voluntarily dismissed, he cannot relitigate the claims at this juncture. *See Jones v. United States*, 178 F.3d 790, 795 (6th Cir. 1999)(defendant may not relitigate same claim previously presented on direct appeal in collateral proceeding under 28 U.S.C. §2255). Therefore, Grubbs' motion to vacate his sentence is procedurally barred.

**III.    Recommendation**

For the reasons discussed herein, **IT IS RECOMMENDED** that the motion to vacate his sentence in Criminal Action No. 06-97-DCR, Civil Action No. 09-7102-DCR [Doc. #70] be **denied** and dismissed from the active docket.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are sufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 23rd day of April, 2010.


Signed By:
J. Gregory Wehrman
United States Magistrate Judge